IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3009-D

PHILLIP REINHART, )
)
    Plaintiff, )
)
v. )      **ORDER**
)
UNITED STATES OF AMERICA, )
)
    Defendant. )

On January 13, 2025, Phillip Reinhart ("Reinhart" or "plaintiff"), a federal inmate proceeding pro se, filed a complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680 [D.E. 1]. On June 25, 2025, the Honorable Terrence W. Boyle reviewed the complaint and allowed the action to proceed [D.E. 9]. On August 20, 2025, the case was reassigned to the undersigned [D.E. 13]. On September 2, 2025, the United States moved to dismiss the complaint [D.E. 15] and filed a memorandum and exhibit in support [D.E. 17, 18].[1] On September 3, 2025, the court notified Reinhart about the United States' motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 20]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On September 25, 2025, Reinhart responded in opposition [D.E. 21]. As explained below, the court grants in part and denies in part the United States' motion to dismiss.

---

[1] The court grants the United States' motion to seal [D.E. 19].

Reinhart is incarcerated at Federal Correctional Institution Butner in Butner, North Carolina ("FCI Butner"). See Compl. [D.E. 1] ¶ 3. On October 13, 2023, EMT P. Paul Chrestensen ("Chrestensen") examined Reinhart at FCI Butner for complaints of abdominal pain and then took him to the Granville Medical Center ("Granville"). See id. ¶ 6. Dr. Naveen Kumar ("Kumar"), a doctor at Granville, determined that Reinhart's gallbladder required removal. See id. Kumar is a general surgeon who provided medical services to inmates at FCI Butner under a contract between FCI Butner and the University of Massachusetts Medical School. See Runyon Decl. [D.E. 17-1] ¶¶ 4–7; see also Krembel v. United States, 837 F. App'x 943, 945–46 (4th Cir. 2020) (unpublished).

Staff at Granville sought and received permission from officials at FCI Butner to proceed with gallbladder removal surgery. See id. At 9:26 a.m., Kumar dictated the operation report. See id.; see also Def.'s Ex. 1 [D.E. 18] 1–2 ("After a period of observation, the decision was made to take the patient to the operating room for laparoscopic cholecystectomy. The procedure was explained to the patient, along with the risks and benefits. Risks include bleeding, infection, possible damage to the surrounding structures. The patient understood all this and wished to move forward. . . . The patient tolerated the procedure well. . . . He was extubated, and transferred to the PACU in stable condition.").

At 4:00 p.m., Reinhart was back in his cell at FCI Butner for the stand-up count. See Compl. ¶ 6. Reinhart alleges he had not recovered from surgery when he was discharged from Granville and that prison officials hustled him back to FCI Butner for the 4:00 p.m. stand-up count. See id. Reinhart alleges he was pale, in severe pain, and passed out three times at FCI Butner. See

2

id. Reinhart's unit manager called a medical emergency when he saw Reinhart's condition. See id.

At 6:58 p.m., Chrestensen examined Reinhart, gave him IV fluids, consulted with the hospitalist, and determined that he needed to be sent back to Granville. See id.; see also Def.'s Ex. 1 at 4–6. After Reinhart arrived at Granville, medical personnel determined that he needed to be sent to Duke University School of Medicine ("Duke"). See Compl. ¶ 7.

On October 14, 2023, several doctors at Duke, including Dr. William Apraku ("Apraku"), examined Reinhart for postoperative bleeding. See Def.'s Ex. 1 at 7–21. The doctors decided to "proceed to the OR for laparoscopic washout of hemoperitoneum and re-exploration of surgical bed." Deft's Ex. 1 at 13. The operative findings were summarized as follows:

> [S]ignificant hemoperitoneum in R>L and pelvis. Large amount of clot burden at gallbladder fossa extending up around ligamentum teres. When we cleared the hemoperitoneum and most of clot located clips on what appeared to be cystic duct and no evidence of cystic artery stump bleeding. There appeared to have been some cautery to the liver lateral to the raw surface. No significant active bleeding was encountered. We let down the pneumoperitoneum for several minutes and reinsufflated and did not find active bleeding. No evidence of omental bleeding in the area was encountered. Floseal was left in liver bed.

Id. at 20.

Reinhart "tolerated the procedure well without any complications and was taken to the PACU in stable condition." Id. at 13. Reinhart "had an uneventful postoperative stay." Id. On October 16, 2023, Reinhart was discharged. See id. at 12–19.

Reinhart alleges Kumar nicked his liver during his initial surgery. See Compl. ¶ 7; cf. Deft's Ex. 1 at 7–21. Reinhart alleges Kumar would have discovered the nick if Reinhart had been provided adequate recovery time at Granville instead of being hustled back to FCI Butner. See Compl. at ¶ 7. Reinhart alleges Apraku "performed the emergency life saving surgery and repaired

3

the nick to [his] liver and then kept [him] in the hospital for a few days to ensure proper recovery of the effected liver and vascular areas." Id. ¶ 8.

Reinhart alleges "this is a clear cut case of negligence and medical malpractice for FBOP staff to insist that [he] be returned to the prison before [he] was allowed ample recovery time on" October 13, 2023. Id. ¶ 9. Reinhart alleges "[i]t was also medical malpractice for Dr. Kumar to have closed [him] up after surgery without first inspecting for any vascular bleeding." Id. Reinhart alleges Kumar's actions "caused [him] serious injury and almost cost [him his] life, except for actions by EMT P. Chrestensen and Dr. Apraku, [he] would have bleed [sic] to death." Id. Reinhart seeks $2,000,000 in damages. See id. ¶ 13.

The court has reviewed the United States' motion to dismiss and Reinhart's complaint under the governing standard. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). Reinhart's claim that prison staff were negligent in insisting he be returned to FCI Butner before he was allowed ample time to recover from surgery on October 13, 2023, ekes across the plausibility line. Whether the claim will survive a motion for summary judgment is an issue for another day. Accordingly, the court denies the United States' motion to dismiss.

As for Reinhart's claims that Kumar was negligent and committed medical malpractice when he nicked his liver during surgery and closed him up without inspecting for any vascular bleeding, the United States argues that the independent contractor exception bars Reinhart's FTCA claims based on Kumar's medical care. See [D.E. 17] 6–9. "[T]he FTCA does not provide for

4

liability of the United States for the acts or omissions of independent contractors." Williams v. United States, 50 F.3d 299, 305 (4th Cir. 1995). "If the independent contractor . . . exception[] appl[ies] to an FTCA claim, then the presiding court lacks subject matter jurisdiction to hear the claim." Krembel, 837 F. App'x at 947.

Reinhart does not dispute Kumar's status as an independent contractor. See [D.E. 21] ¶ 1. Thus, the court grants the United States' motion to dismiss Reinhart's FTCA claims based on Kumar's medical care. See Fed. R. Civ. P. 12(b)(1); Adeyola v. Reddy, 718 F. Supp. 3d 464, 476 (E.D.N.C. 2024); Yates v. United States, No. 1:19-CV-564, 2020 WL 9348246, at *8–9 (S.D. W. Va. Dec. 11, 2020) (unpublished), report and recommendation adopted, 2021 WL 960682 (S.D. W. Va. Mar. 15, 2021) (unpublished).

II.

In sum, the court GRANTS IN PART and DENIES IN PART defendant's motion to dismiss [D.E. 15]. Specifically, the court DENIES defendant's motion to dismiss [D.E. 15] on plaintiff's claim that prison staff were negligent in insisting he be returned to FCI Butner before he was allowed ample time to recover from surgery on October 13, 2023. The court GRANTS defendant's motion to dismiss [D.E. 15] on plaintiff's FTCA claims based on Kumar's medical care. The court GRANTS defendant's motion to seal [D.E. 19]. The court REFERS the action to Magistrate Judge Robert B. Jones, Jr. for entry of a scheduling order to include a deadline for defendant to answer the complaint and a period for discovery.

SO ORDERED. This 26 day of June, 2026.

J____ Dever

JAMES C. DEVER III
United States District Judge

5